## The Russell & Company, Appellant, v. Charles Dunbar, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed June 10, 1916.

### Statement of the Case.

Action by The Russell & Company, plaintiff, against Charles Dunbar, defendant, on promissory notes executed by the defendant. From a judgment for defendant, plaintiff appeals.

After entry of a judgment by confession on the notes the defendant made a motion to vacate the judgment and for leave to plead on an affidavit setting up failure of consideration. Without allowing the plaintiff to file counter-affidavits the execution was stayed and leave granted to the defendant to plead. A jury trial resulted in a verdict for the defendant.

GEORGE T. WALLACE, for appellant.

TAYLOR & TAYLOR, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 800*—*what bill of exceptions must contain*. The question whether the trial court erred in not permitting the plaintiff to file counter-affidavits on a motion to open a judgment entered by confession and for leave to plead, *held* not saved for review where neither the motion nor the ruling thereon was preserved for review in the bill of exceptions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. JUDGMENT, § 82*—*when leave to file counter-affidavits denied.* Where an affidavit filed by a defendant on a motion to open a judgment by confession and for leave to plead shows a prima facie defense to the merits, it is not error to deny a motion by the plaintiff for leave to file counter-affidavits.

3. SALES, § 282*—*when evidence as to parol warranties admissible.* In an action on a promissory note given in payment for machinery, *held* that oral warranties, made by the seller's agent after the buyer had signed the contract for the purchase and before the seller had approved it, were competent to show that the written contract as signed had been changed.

4. SALES, § 401*—*when evidence sufficient to show breach of warranty.* In an action on a promissory note given in payment for machinery, evidence *held* to show a breach of warranty of the age and capacity of the machine.